THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Helen
 Dills-Pittman, Appellant,
v.
Lowcountry
 Council of Government, L. Chriswell Bickley, Jr., and Sherry Smith, Defendants,
Of Whom L.
 Chriswell Bickley, Jr., is Respondent.
 
 
 

Appeal From Colleton County
Honorable George C. James, Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-432
Heard September 12, 2011  Filed October
 10, 2011 

AFFIRMED

 
 
 
R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
Kathryn Thomas, of Columbia, for Respondent.
 
 
 

PER CURIAM: Helen Dills-Pittman filed an action
 for civil conspiracy, negligence, and defamation against Lowcountry Council of
 Governments (COG), L. Chriswell Bickley, Jr., and Sherry Smith arising from her
 termination of employment at COG.  Dills-Pittman appeals the jury's verdict in
 favor of Bickley, Jr., arguing the trial court erred in excluding testimony and
 in its jury charge.  We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the trial
 court erred in excluding testimony:  Fields v. Reg'l Med. Ctr. Orangeburg,
 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) (stating the admission or
 exclusion of evidence is within the sound discretion of the trial court, and
 the decision will not be disturbed absent an abuse of discretion); Bakala v.
 Bakala, 352 S.C. 612, 632, 576 S.E.2d 156, 166 (2003) (holding that a judge
 could not overrule the prior unappealed order of another judge, and it became
 law of the case).
2.  As to whether the trial
 court erred in charging the jury: Rule 51, SCRCP ("No party may assign as error the giving or
 the failure to give an instruction unless he objects thereto before the jury
 retires to consider its verdict, stating distinctly the matter to which he
 objects and the grounds for his objection."); Creech v. S.C. Wildlife & Marine Res. Dep't,
 328 S.C. 24, 35-36, 491 S.E.2d 571, 577 (1997) (concluding the failure to
 timely request or object to a specific jury charge will constitute a waiver of
 any right to complain on appeal of error in the charge).
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ., concur.